[Cite as *Gill v. Grafton Correctional Inst.*, 2010-Ohio-4301.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALI GILL

     Plaintiff

     v.

GRAFTON CORRECTIONAL INSTITUTION

     Defendant
     Case No. 2005-09847

Judge Joseph T. Clark
Magistrate Steven A. Larson

JUDGMENT ENTRY

{¶ 1} On June 12, 2009, the magistrate issued a decision recommending judgment in favor of defendant. On August 5, 2009, the court granted plaintiff an extension of time to file objections to the magistrate's decision and to prepare an affidavit of evidence pursuant to Civ.R. 53(D)(3)(b)(iii). On August 27, 2009, plaintiff filed objections and an App.R. 9(C) statement in support of the objections. On September 28, 2009, the court overruled plaintiff's objections and rendered judgment in favor of defendant. On June 29, 2010, the Tenth District Court of Appeals reversed the judgment of this court and remanded the case for further proceedings, stating in relevant part:

{¶ 2} "[W]e conclude that the trial court erred by concluding that the transcript of the liability trial before the magistrate was available, thus precluding [plaintiff] from utilizing an alternative method of putting the evidence before the court for purposes of ruling on [plaintiff's] objections to the magistrate's factual findings. Because this was the only basis given by the trial court for its rejection of [plaintiff's] statement of

proceedings and its adoption of the magistrate's decision, we reverse the trial court's judgment. Nevertheless, we recognize that there remains a question as to whether [plaintiff's] statement of proceedings is an appropriate means of supporting his objection to the magistrate's decision, even where a transcript is unavailable." *Gill v. Grafton Correctional Inst.,* Franklin App. No. 09AP-1019, 2010-Ohio-2977, ¶16.

**{¶ 3}** Civ.R. 53(D)(3)(b)(iii) provides, in part:

**{¶ 4}** "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an *affidavit* of that evidence if a transcript is not available." (Emphasis added.)

**{¶ 5}** As defined by R.C. 2319.02, an affidavit is "a written declaration under oath, made without notice to the adverse party."

**{¶ 6}** Upon review, the court finds that the App.R. 9(C) statement plaintiff filed on August 27, 2009, in support of his objections to the magistrate's decision is not an "affidavit" and therefore does not comply with the requirements of Civ.R. 53(D)(3)(b)(iii). Accordingly, the court finds that plaintiff has failed to properly support his factual objections to the magistrate's June 12, 2009 decision.

**{¶ 7}** Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Janelle C. Totin                              John P. Reichley
Assistant Attorney General                    Assistant Attorney General
Corrections Litigation                        150 East Gay Street, 18th Floor
150 East Gay Street, 16th Floor               Columbus, Ohio 43215-3130
Columbus, Ohio 43215

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

MR/cmd
Filed August 11, 2010
To S.C. reporter September 9, 2010